Giraldo v Brookfield Fin. Props., L.P. (2020 NY Slip Op 00509)





Giraldo v Brookfield Fin. Props., L.P.


2020 NY Slip Op 00509


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


10865 159689/14

[*1] Navezda Giraldo, Plaintiff-Appellant,
v
Brookfield Financial Properties, L.P., et al., Defendants-Respondents, The City of New York, Defendant.


Edelman, Krasin & Jaye, PLLC, Westbury (Monica P. Becker of counsel), for appellant.
Law Office of Robert J. Brown, PLLC, New York (Robert J. Brown of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered December 6, 2018, which, in this action for personal injuries sustained when plaintiff tripped and fell on the cobblestone area of the sidewalk abutting defendants Brookfield Financial Properties, L.P. and Battery Park City Authority's building, granted said defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court properly determined that the sidewalk was not a defective condition and granted defendants summary judgment dismissing the complaint. The regulations cited by plaintiff's expert, Administrative Code of City of NY § 19-152(a) and the New York City Department of Transportation's (DOT) Highway Rules § 2-09(f)(4) and (5) (34 RCNY 2-09[f][4], [5]), by their plain terms, govern concrete sidewalk flags, and are inapplicable to the cobblestone area of the sidewalk at issue here. Defendants submitted documents that establish that the DOT had approved the subject area as a "non-conforming distinctive sidewalk," consistent with Highway Rule § 2-09(f)(4)'s approval process for such sidewalks. Moreover, defendants' expert demonstrated that section 6.06 of the Department of Highways of the City of NY Standard Specifications, entitled Granite Block Sidewalk, more aptly governs cobblestone sidewalks, and that the 1-1/8-inch gap observed by plaintiff's expert complies with section 6.06.4(C)'s requirement that joints between blocks be "approximately one inch in width."
Defendants further demonstrated that they did not violate Administrative Code § 7-210 by failing to maintain the sidewalk in a "reasonably safe condition." As discussed, the cobblestone sidewalk did not violate any applicable regulations, and it is undisputed that the building had not received any violation citations from the DOT regarding the sidewalk. [*2]Furthermore, the building's assistant property manager testified that he never noticed any problems with the cobblestones when he inspected the sidewalk on a weekly or biweekly basis, and plaintiff testified that there were no missing or defective cobblestones.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK